**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

RONALD CARTER,

        Plaintiff,

vs.                                      Case No. 3:15-cv-1353-J-32JRK

UNITED STATES OF AMERICA

        Defendant.

_____

**ORDER**

On August 21, 2012, January 16, 2013, and May 20, 2014, this Court entered Orders dismissing pro se plaintiff Ronald Carter's lawsuits because they were patently frivolous. See Doc. 12 in Carter v. O'Carroll, 3:12-cv-740-J-32JRK; Doc. 10 in Carter v. United States, 3:12-cv-741-J-32TEM; Doc. 10 in Carter v. Matheny, 3:12-cv-1066-J-34MCR; Doc. 3 in Carter v. O'Carroll, 3:14-cv-566-J-39MCR. In each of these suits, Carter claimed that various government employees and other private individuals were stalking and harassing him through various bizarre measures such as interfering with his pool installation, poisoning his pets, sabotaging his vehicles, prescribing him mind-altering drugs, directing bright lights at him, and the like. Carter has now paid the filing fee to file another complaint which is nearly identical to the one dismissed last year (Carter v. O'Carroll, 3:14-cv-566-J-39MCR). In this latest case, verified as true by a subsequent filing (Doc. 3), Carter complains that his 2014 case should not have been dismissed and attempts to support his fanciful allegations with a rambling affidavit from his roommate who professes to having cooperated with social security agents by allowing them into Carter's home in 2008 or 2009 where they allegedly

poisoned his fish, disabled his computers, and damaged or took his recordings, videos and papers, among other steps aimed at harassing him. He also filed a supplemental affidavit from his roommate which seeks to clarify that social security agents intimidated her. Plaintiff also attached a letter from the Social Security Administration denying his tort claim for $271,000 and advising him of his right to file an appeal in federal court.

As stated in some of the Court's previous Orders cited above, it is rare for the Court to dismiss a paid complaint for lack of subject matter jurisdiction based on frivolity without waiting for defendants to respond. However, where the cause of action is patently without merit, the Court is justified in dismissing it for want of jurisdiction. Blankenship v. Gulf Power Co., 551 F. App'x 468, 470-72 (11th Cir. 2013); McGinnis v. Ingram Equip. Co., Inc., 918 F.2d 1491, 1494 (11th Cir. 1990). For the reasons stated above and in the Court's previous Orders, such is the case here. Additionally, this case is dismissed on grounds of res judicata, being virtually identical to his 2014 case. See In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001). To the extent plaintiff is appealing the Social Security Administration's denial of his tort claim (which was based on the same allegations of intimidation and harassment he has repeatedly pursued in federal court), the appeal is dismissed as frivolous.

Accordingly, it is hereby

**ORDERED**:

Plaintiff's complaint is dismissed with prejudice for lack of subject matter jurisdiction. The Clerk shall close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 4th day of December, 2015.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

pro se plaintiff